### No. 1136.

### ED. WENTZ vs. G. F. BERNHARDT.

As a rule, an action in damages for false arrest and imprisonment is premature, unless the suit in which the writ issued has terminated. This is not so, however, where the order dissolving the arrest, has, before final judgment on the merits, been affirmed on appeal and the judgment thus rendered has become final.

A party illegally arrested, even without malice and with probable cause, is entitled to recover actual damages.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*T. O. Benton* for Plaintiff and Appellant.

*Franklin Garrett* and *Potts & Hudson* for Defendant and Appellee:

1. In suits for malicious prosecutions, it must be alleged and proved that the prosecution complained of was at an end, otherwise the petition discloses no cause of action. 33 Ann. 222, Lawler vs. Levy.

2. To establish a claim for malicious prosecution, it must be proved by plaintiff—

*First*—That he has been prosecuted and that the prosecution is at an end.

*Second*—That it was instituted by defendant maliciously and without probable cause.

Wentz vs. Bernhardt.

*Third*—That he has been damaged. 15 Ann. 421, Blass vs. Gregor & Wilson; Greenleaf on Ev., vol. 2, §§ 453, 454, 449; 11 Ann. 289, Gould vs. Gardner, Sager & Co,; 10 Ann. 537, Talbot vs. Stone; 12 Ann. 332; 8 Ann. 12; 9 R. 387.

3. Where the party causing the arrest acts under the advice of learned counsel, he has probable cause. 2 Green., § 459; 11 Ann. 289; 10 Ann. 537.

4. Attorney's fees for bringing a suit for damages cannot be allowed. Only such damages as had been incurred previous to the institution of the suit can be considered. 35 Ann. 697, Day vs. R. R.; 35 Ann. 465, Campbell vs. Short.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action in damages.

The plaintiff avers that, under false and malicious allegations, duly sworn to by the defendant, he was arrested and falsely imprisoned and taken into the custody of the sheriff, and there remained until he was released by order of the court. He sets forth damages and prays for recovery.

The defendant excepted that there was no averment that the suit in which the writ of arrest issued has been finally determined.

This exception was referred to the merits.

By his answer, the defendant resists plaintiff's pretensions, avers probable cause, absence of malice, action under advice of counsel and *bona fides*.

The case was tried by a jury who, after receiving a charge from the judge, returned a verdict against plaintiff, which was confirmed and made the judgment of the court.

The plaintiff contends in this court that the case was once tried by a jury, who returned a verdict in his favor for $4500, which became final at the close of the term, owing to the absence of action of the district judge, on a motion for a new trial taken previously and which was subsequently granted.

It is a part of the history of this case that an application for a *mandamus* to this Court was refused to compel the district judge to sign a judgment which he had not rendered. 35 Ann. 873.

There is nothing to show that, after the new trial was granted and the case was called for trial, the plaintiff in any manner objected to the new trial. By his voluntary submission to such trial, he has waived what right he might have had, if any, to the verdict of which he now claims the benefit.

But we are at a loss to perceive how he can aspire after any advantage from that verdict, for it is quite clear that, by the granting of the new trial, the previous verdict and trial were set aside and the case put in a condition to be determined as though it had never been passed upon.

We think the exception should have been formally sustained.

The suit in which the writ of arrest issued.is still pending, and when decided, may be taken on appeal for review. It may well be that the appellate court may reverse the decree discharging the defendant from arrest. Greenleaf, 2, § 452; 15 Ann. 421; 16 Ann. 3; 33 Ann. 220.

The action is therefore premature.

Although the judgment appealed from may perhaps be considered as one on the merits, we treat it as one sustaining the exceptions and dismissing the suit.

Viewed as such, it is affirmed with costs.

## ON REHEARING.

MANNING, J. In our opinion on the first hearing we held that the proceedings for the arrest must have terminated before an action for damages therefor could be instituted. It appears that the arrest was set aside by judgment of the district judge and on appeal to the circuit court that judgment was affirmed, and therefore the suit so far as it affected the arrest was ended before this action was instituted, although the main action on the debt is still pending. The suit therefore is not premature.

The jury found for the defendant. The testimony establishes that the plaintiff paid fifty Dollars to a lawyer for procuring his release from arrest and he is entitled to recover it. He was not imprisoned and was held in custody about two hours. He lost two months' employment in consequence of the arrest and had been receiving $3.50 a day or ninety dollars a month. We shall give $180 for this cause of damage.

Upon a review of the whole testimony we are not satisfied that the plaintiff has any other cause of damage, even if it enabled us to estimate intelligently the amount at which the damage should be assessed.

It is therefore ordered and decreed that our former judgment is set aside, the verdict of the jury is annulled and the judgment thereon is avoided, and that the plaintiff now have and recover of the defendant G. F. Burnhardt two hundred and thirty dollars as damages and the costs of both courts.